RENSHAW, respondent, *v.* SWITZER, appellant.

MINING CLAIM— *Ejectment* — *Pleading* — *Failure to do necessary work.*—In an action of ejectment to recover a mining claim it is sufficient for the claimant to show a valid location. He need not also set out that he has done the work necessary to represent the claim; the failure to do such work should be shown by the other party. The grant evidenced by a valid location continues operative and in full force, so as to protect the ground from a subsequent location, until the title thereby acquired has become forfeited by a failure to do the necessary work or otherwise; and such matters of forfeiture, by which the claim is to be defeated, must be set forth in the complaint or answer.

APPEAL — *Record* — *Instructions.*— When the giving or refusing of instructions is excepted to, all of the instructions given or refused should be contained in the record.

*Appeal from Second District, Silver Bow County.*

KNOWLES & FORBIS, for the respondent.

WADE, C. J. This is an action in the nature of ejectment to recover the possession of the Burner lode mining claim, situate in the Summit Valley mining district, Silver Bow county. There was a motion for a nonsuit upon the ground that the plaintiff had failed to prove that any work had been performed on the Burner lode claim after its location, which motion was overruled, and this action of the court is one of the errors complained of.

We have many times decided that the valid location of a mining claim is a grant from the government to the person making the location, of the claim located, and carried with it the right, by a compliance with the law, of acquiring a full title. The location is the inception of the grant, and the patent is its consummation. The grant is kept alive by representation, as the law provides. A failure to represent forfeits the grant and makes void the title acquired by a valid location. Upon such failure the ground becomes again subject to location and purchase. But, in order to validate a subsequent location, it must be established that the prior grant has become forfeited. The grant evidenced

by a valid location continues operative and in full force, so as to protect the ground from a subsequent location, until the title thereby acquired, by a failure to represent or otherwise, has become forfeited. A valid location and the grant thereby evidenced remains in full force and effect until something is alleged and proved against it to defeat the grant. It follows, therefore, that matters of forfeiture whereby the title to a mining claim location is defeated must be set forth in the complaint or answer. They cannot be proved unless they are alleged. Forfeiture is something whereby a title is to be defeated or set aside. It is that upon which the second claimant bases his right of location. He must allege and prove on the trial that the right of the first locator is gone before his location can have any validity. There does not seem to be much doubt but matters of forfeiture must be pleaded, and this doctrine is fully recognized in *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 53.

There is no allegation of the forfeiture of the Burner claim, by a failure to represent or otherwise, contained in the answer of the appellant. Therefore no proof as to work done on the claim after the location would have been competent. If the appellant had desired such proof, he should have made the proper allegation. If he had wished to show a forfeiture of the claim and of the respondent's interest therein by a failure to represent, he should have alleged the same in his answer. It was not for the respondent to show that his claim had been represented. His title was good after showing a valid location, and he was entitled to the possession of the claim unless the appellant defeated such title, which he might have done if he had alleged and could have proved a forfeiture, by showing that the necessary work to represent the claim had not been done.

The record contains only such portions of the instructions as were excepted to by the appellant. This is not a fair presentation to this court of the instructions given below. We should have an opportunity to examine all the instructions and to look at them as a whole. It often happens

that the substance of a refused instruction has been given in another, and unless all the instructions are before us a case might be reversed and remanded for a new trial for the refusal to give an instruction which in fact had been given in substance in another instruction. Whenever the giving or refusing of instructions is excepted to, all the instructions given or refused should be contained in the record. The fragment of the instructions contained in the record, which were asked for by the appellant and refused by the court, are based upon the same theory as his motion for a nonsuit, and are not supported by either authority or a just interpretation of the law of congress upon the subject of acquiring title to mining claims on the government lands. That law declares the public mineral lands of the United States free and open to exploration and purchase. The discovery and location of a claim in pursuance of that law is equivalent to a contract of sale and purchase where the purchaser is let into possession and becomes entitled to a deed from the vendor upon the payment of the purchase price. The locator becomes entitled to the exclusive possession and enjoyment of the claim located, and upon the payment of the purchase price — that is, upon the payment of the required amount per acre, and the necessary amount of work upon the claim — he becomes entitled to a deed — a patent, which is the government deed — to the ground within the boundaries of his location. And, if the contract of sale and purchase is to be defeated because of non-compliance with its terms, the facts showing such non-compliance must be alleged and proved. The property does not become subject to sale by the government to any other purchaser until the title or right already granted has become forfeited, and this forfeiture must be established by allegation and proof.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McLeary, J., and Bach, J., concur.