### MAUTNER et al. v. BRODY.

(Supreme Court, Appellate Term. January 21, 1910.)

1. EVIDENCE (§ 269*)—ADMISSIBILITY OF DECLARATIONS.

     In an action for money due on a contract to alter premises owned by defendant, the application of the architect, who was not shown to have been in defendant's employ to the building department, stating that the alterations in the premises were authorized by defendant, the owner of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

premises, was inadmissible to prove that he had authorized the altera-
tions, as it was the declaration out of court of a third party; the applica-
tion not being introduced to impeach the architect, who was plaintiffs'
witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1063; Dec. Dig.
§ 269.*]

2. EVIDENCE (§ 269*)—ADMISSIBILITY OF DECLARATIONS.

In an action for money due on a contract to alter premises owned by de-
fendant, a declaration by an alleged tenant of defendant, who contracted
for the alterations, which declaration he made in supplementary proceed-
ings to the effect that he had no lease from defendant, was not admissible
to prove that he had no lease; it being the declaration out of court of
a third party not shown to have been in defendant's employ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1063; Dec. Dig.
§ 269.*]

3. WITNESSES (§ 401*)—CROSS-EXAMINATION—IMPEACHMENT.

Where a witness for defendant, on cross-examination, is asked a ques-
tion about a matter as to which he was not questioned on direct examina-
tion, he becomes, as to the evidence he gives in response to the question,
the plaintiffs' witness, and cannot be contradicted by the introduction by
plaintiffs of evidence of previous inconsistent statements.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1270; Dec. Dig.
§ 401.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Isaac Mautner and another against Alter M. Brody.
Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Joseph A. Seidman, for appellant.
Monfried & Feinberg, for respondents.

LEHMAN, J. The plaintiffs have obtained a judgment against the
defendant for money due upon a contract to alter premises owned by
the defendant. Upon the evidence submitted the judgment can be sus-
tained only upon the theory that the defendant was the undisclosed
principal, and that the contract made the alleged tenant of defendant,
in whose name the contract was made, in fact the defendant's agent.

The plaintiffs had very little direct testimony upon this issue, and
attempted to prove their case largely by circumstantial evidence. Im-
portant elements in the plaintiffs' chain of circumstances upon which
they rely are the alleged facts that the defendant authorized the altera-
tions made by the plaintiffs at the alleged tenant's request, and that
the tenant never had a lease. To prove the first alleged fact they
introduced in evidence the application of the architects to the build-
ing department, stating that the alterations were authorized by the
defendant, the owner of the premises. Clearly the declaration out of
court of a third party not shown to have been in defendant's employ is
no evidence against the defendant. This application was not intro-
duced to impeach the architect, who was plaintiffs' own witness.

To prove the second fact the plaintiffs introduced in evidence a
declaration made by the alleged tenant in supplementary proceedings.
This was objectionable upon the same ground. The appellant claims

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that it was not introduced to show that there was no lease, but to show the falsehood of the witness' previous statement that he had a three-year lease. Aside from the fact that plaintiffs' attorney stated to the justice at the trial that "the purpose is to show there is no lease at all," it was not admissible for the purpose of contradicting the witness upon this point. The witness had not testified upon this point upon his direct testimony. He had been called by the defendant to contradict the plaintiffs upon one single point. He was then asked on cross-examination: "Have you got a three-year lease?" The question was objected to specifically as not being cross-examination, as he was not questioned on this point on direct examination. Upon this point, therefore, he became the plaintiffs' witness, and cannot be contradicted by proof of previous inconsistent statements.

There are other errors in the record, but we need not decide whether such errors are material. Upon a new trial they will probably be corrected. The two errors considered were clearly prejudicial, and require a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DAYTON, J., concurs. GIEGERICH, J., concurs in the result.