HERZIG, Respondent, v. SANDBERG et al., Appellants.

(No. 3,889.)

(Submitted March 12, 1918.  Decided April 6, 1918.)

[172 Pac. 132.]

*Personal Injuries—Automobiles—Negligence—Failure of Proof —Cross-examination—Intoxication—Offer of Proof.*

Personal Injuries—Automobiles—Negligence—Failure of Proof.

1. Where the evidence of defendants, charged with negligence in failing to keep a lookout for pedestrians while driving an automobile and omitting to give warning of the approach of their car, was uncontradicted that they saw plaintiff when it was a hundred feet or more away from him, and plaintiff himself testified that he saw the car approaching ten or fifteen minutes before he was struck and knew it was drawing steadily nearer, the charges of negligence above referred to should have been withdrawn from the jury.

Same—Cross-examination—Intoxication.

2. Plaintiff having stated, among other things, that in his opinion an automobile was driven at the rate of forty miles an hour at the time it struck him, it was error to refuse permission to cross-examine him whether at that time he was intoxicated, testimony as to his condition in this respect shedding light upon his capacity for accurate observation, correct memory and unbiased judgment.

Same—Cross-examination—Improper Refusal.

3. If a question put to a witness was within the legitimate range of cross-examination, the fact that it was also proper in support of defendant's case was no justification of the court's refusal to permit it to be asked.

Same—Cross-examination—Intoxication—Contributory Negligence.

4. Evidence of intoxication was also admissible in support of the defense of contributory negligence pleaded in the answer.

[As to intoxication as contributory negligence, see note in 25 Am. St. Rep. 39.]

Trial Practice—Offer of Proof—When Rule Inapplicable.

5. The rule which requires an offer of proof to be made before refusal to admit evidence may be considered error has no application to cross-examination, nor to direct examination where the questions themselves indicate clearly the evidence intended to be elicited.

*Appeals from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by A. J. Herzig against A. C. and Annabell Sandberg. From a judgment for plaintiff and an order denying them a new trial, defendants appeal.  Reversed and remanded.

On reciprocal duty of operator of automobile and pedestrian to use care, see notes in 38 L. R. A. (n. s.) 487; 42 L. R. A. (n. s.) 1178; 51 L. R. A. (n. s.) 990.

*Mr. Jas. M. Brinson,* for Appellants, submitted a brief and argued the cause orally.

Citing upon the question that it was error to deny the right to cross-examine plaintiff whether or not he had been drinking during the afternoon of the accident: *People* v. *Eastwood,* 14 N. Y. 562; *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 134, 19 Am. Rep. 401; *Edwards* v. *Worcester,* 172 Mass. 105, 51 N. E. 447; *McFern* v. *Gardner,* 121 Mo. App. 1, 11, 97 S. W. 972; *Wabash R. R. Co.* v. *Prast,* 101 Ill. App. 167; *Philadelphia City Pass. Ry. Co.* v. *Henrice,* 92 Pa. St. 431, 37 Am. Rep. 699; *Schafer* v. *Gilmer,* 13 Nev. 330, 40 L. R. A. 143, and cases cited; *McPhee* v. *Scully,* 163 Mass. 216, 219, 39 N. E. 1007; Brooks' Street Railway Law, 320; Abbott's Trial Brief, 441; Moore on Facts, 385.

*Mr. Joseph H. Griffin,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff was injured by being struck by an automobile. He charges the defendants with negligence in the following particulars: A. Failing to keep a lookout. B. Running the car at unreasonable speed. C. Violating the law of the road. D. Failing to give warning of the approach of the car. Issues were joined and the cause tried, resulting in a judgment for plaintiff. Defendants appealed from the judgment and from an order denying them a new trial.

The charges of negligence A and D should have been withdrawn from the jury's consideration, as there was not any [1] evidence to support either; that is to say, the evidence is uncontradicted that defendants, their driver and two other occupants of the car all saw plaintiff when the car was a hundred feet or more from him, while the testimony of the plaintiff himself is that he saw the car approaching ten or fifteen minutes

before he was struck and during that time appreciated the fact that it was drawing nearer and nearer. He had all the notice that any warning could give, and if there was a failure to give warning, it could not have been a proximate cause of his injury.

In support of the other charges, plaintiff testified that in his [2] opinion the car was driven at the rate of forty miles per hour at the time of the accident; that he was walking near the right-hand side of the road, going north; that the driver of the car undertook to pass to his right instead of to his left; that the intervening space was not sufficiently wide for the purpose, and that by reason of this violation of the law of the road the collision occurred. On cross-examination counsel for defendants sought to show that at the time of the accident plaintiff was intoxicated. Upon objection, the court refused to permit the investigation, and when defendants attempted to prove the same fact in their case in chief, they were met by the same ruling. In each instance the court erred.

1. The evidence was proper as a part of plaintiff's cross-examination. It is always permissible on cross-examination of a witness to test the accuracy of his knowledge or the completeness or distinctness of his recollection; to ascertain the source of his information, his opportunity for accurate observation, and his general acquaintanceship with the subject to which his direct examination relates. If he has made an estimate or given an opinion, he may be cross-examined for the purpose of shedding light upon the reasonableness of his estimate or the basis of his opinion. (1 Greenleaf on Evidence, sec. 446.) These rules are elementary (40 Cyc. 2675), are fully comprehended within the terms of section 8021, Revised Codes, and should be invoked liberally, rather than restricted. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *State* v. *Biggs,* 45 Mont. 400, 123 Pac. 410; *Cuerth* v. *Arbogast,* 48 Mont. 209, 136 Pac. 383.)

It is too well settled to be open to controversy that intoxication deadens the sensibilities, and therefore evidence that a witness was intoxicated at the time to which his testimony relates reflects upon his capacity for accurate observation, correct

memory and unbiased judgment.   (17 Cyc. 787; 40 Cyc. 2574.)
[3]  It is no objection to say that the evidence, if produced,
would have tended to make out defendants' special defense.
If the question was within the legitimate range of cross-
examination, it was none the less so that it was also proper in
support of defendants' case.

2. The evidence was admissible under the general denials of
the answer.   If it could have been shown that at the time of
the accident, plaintiff was intoxicated to such a degree that his
opinion as to the rate the car was running was worthless, and
that his condition was such that he could not have known or
appreciated what actually occurred, the *prima facie* case made
out by his direct testimony, would have been overcome.   It
would be a singular rule of law which would deny to defendants
the right to challenge the credibility of the plaintiff.   To illus-
trate: If at the time of the accident plaintiff was asleep or un-
conscious and therefore unable to know the facts to which he
testified, it would certainly be competent to show it, and for the
same reason it was proper to show that he was intoxicated, if
such was the fact.   (2 Wigmore on Evidence, sec. 933; *Joyce*
v. *Parkhurst,* 150 Mass. 243, 22 N. E. 899; *Schneider* v. *Great
Northern R. Co.,* 47 Wash. 45, 91 Pac. 565; *Green* v. *State,* 53
Tex. Crim. 490, 22 L. R. A. (n. s.) 706, 110 S. W. 920; *Pollock*
v. *State,* 136 Wis. 136, 116 N. W. 851; *Pittsburgh, C. C. & St.
L. R. Co.* v. *O'Conner,* 171 Ind. 686, 85 N. E. 969.)

3. The evidence was also admissible in support of the defense
[4]  of contributory negligence pleaded in the answer.   If the
plaintiff was intoxicated, that fact did not operate to relieve
him from the necessity of exercising the ordinary care for his
own safety which the law imposes upon a sober man.   While
his intoxication alone would not necessarily bar his right of
recovery, it was a circumstance to be considered in determining
whether he was guilty of contributory negligence.   (29 Cyc.
534, 620.)

It is insisted, however, that defendants may not avail
[5]  themselves of these erroneous rulings, because they failed

to make an offer of proof. The rule which requires that an offer of proof be made has no application to cross-examination. (*State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95; *Cunningham* v. *Austin & N. W. Ry. Co.,* 88 Tex. 534, 31 S. W. 629; *Martin* v. *Elden,* 32 Ohio St. 282.) Neither has it any application to direct examination where the questions themselves indicate clearly the evidence intended to be elicited. (*First Nat. Bank* v. *Carroll,* 35 Mont. 302, 88 Pac. 1012; *Buckstaff* v. *Russell & Co.,* 151 U. S. 626, 38 L. Ed. 292, 14 Sup. Ct. Rep. 448.)

This case emphasizes the distinction between an erroneous ruling admitting incompetent evidence and a like error excluding competent evidence. In the first instance we might be able to say that the error was harmless, but no one can say what effect material evidence excluded might have had if before the jury for consideration.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.