BUDD ET AL., RESPONDENTS, *v.* NORTHERN PACIFIC RY. CO., APPELLANT.

(No. 3,926.)

(Submitted January 13, 1921.   Decided February 28, 1921.)

[195 Pac. 1109.]

*Railroads — Killing of Thoroughbred Livestock — Value — Evidence—Cross-examination—Offer of Proof.*

Railroads—Killing of Thoroughbred Livestock—Value—Cross-examination—Evidence—Improper Exclusion.

1.   In an action against a railroad company to recover damages for the negligent killing of a high-grade registered Holstein heifer four-

———

1. Price paid as evidence of value of personalty, see note in Ann. Cas. 1916D, 797, 805, 810.

teen months old, the principal value of which lay in its breeding, answer to a question asked plaintiff on cross-examination as to the price he paid for the animal when it was four months old was improperly excluded, since its price at that time would have tended to enlighten the jury upon the question of value, and particularly the value of its breeding.

Same—Trial—Cross-examination—Offer of Proof.

2. An offer of proof is not necessary on cross-examination as a condition precedent to entitle appellant to urge error on the exclusion of evidence.

Same—Value—Evidence—Proper Exclusion.

3. Questions asked on cross-examination involving the expense of keeping the animal for the ten months' period between the time it was purchased and the time it was killed, and regarding sales of Holstein stock not registered, were properly excluded as not bearing upon the market value of the animal killed.

*Appeals from District Court, Jefferson County; Jos. C. Smith, Judge.*

Action by H. O. Budd and another against the Northern Pacific Railway Company. From a judgment for plaintiffs, and from an order overruling its motion for new trial, defendant appeals. Reversed and remanded.

*Messrs. Gunn, Rasch & Hall* and *Mr. W. W. Patterson,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The court erred in refusing to permit the plaintiff Budd and his witness Streff to testify on cross-examination as to the price plaintiffs paid for this heifer. (*Jacksonville etc. Ry. Co.* v. *Jones,* 34 Fla. 286, 15 South. 924.) In *Kelsea* v. *Fletcher,* 48 N. H. 282, it was held that the price at which a cow was sold three years later was competent evidence as to her value at the time in question, whether such sale was before or after suit was brought. In *Denton* v. *Smith,* 61 Mich. 431, 28 N. W. 160, it was held that the price paid for a cow one year previous to the time in question was admissible. (See, also, *Carr* v. *Moore,* 41 N. H. 131; *Houston etc. R. C.* v. *Crowder* (Tex. Civ. App.), 152 S. W. 183; 1 Wigmore on Evidence, sec. 463, note 1.)

The cases are numerous where plaintiffs in actions to recover on insurance policies have been permitted to testify what was the price paid for articles purchased months and even years prior to their destruction. (*Leder* v. *National Union Fire Ins. Co.,* 175 Mich. 470, 141 N. W. 646; *Ellsworth* v. *Aetna Ins. Co.,* 105 N. Y. 624, 11 N. E. 355; *Aetna Ins. Co.* v. *Weide,* 9 Wall. 677, 19 L. Ed. 810 [see, also, Rose's U. S. Notes]; *Hawver* v. *Bell,* 141 N. Y. 140, 36 N. E. 6; *Mouat Lumber Co.* v. *Wilmore,* 15 Colo. 136, 25 Pac. 556.) The door for the question which we desired to have these witnesses answer was opened by their direct examination (*Smith* v. *Zimmer,* 48 Mont. 332, 137 Pac. 538; *Hickey* v. *Anaconda Copper Min. Co.,* 33 Mont. 46, 81 Pac. 806), as the question relates to the main facts testified to in the direct examination. (*Jorgensen* v. *Butte & Montana Commercial Co.,* 13 Mont. 288, 34 Pac. 37.)

Even assuming that the price paid for the animal was not directly connected with its market value at the time of its death nor with the value of its dam or sire, such price at least had some bearing on the value of these animals, and was certainly indirectly connected with these matters, and under the rules laid down by this court was admissible. (*Lehrkind* v. *McDonnell,* 51 Mont. 343, 153 Pac. 1012; *Jenderson* v. *Hanson,* 50 Mont. 216, 146 Pac. 473; *Cuerth* v. *Arbogast,* 48 Mont. 209, 136 Pac. 383.)

*Mr. Ike E. A. Pace,* for Respondents, submitted a brief and argued the cause orally.

The price paid for a three months old calf of fancy milk strain and which was a fourteen months old heifer when killed by the railroad makes the time of purchase too remote to permit admission of evidence of price as a basis of value. (*Garland County* v. *Hot Springs County,* 68 Ark. 83, 56 S. W. 636; *Lanquist* v. *City of Chicago,* 200 Ill. 69, 65 N. E. 681.) Where the property involved is sold at private sale, as distinguished from public or auction sale, or on the market, the

price is no evidence of value. (*Sebring* v. *Wellington,* 63 App. Div. 498, 71 N. Y. Supp. 788.)

The purchase of the property involved in the suit in a common lot, under a lump sum, with other property, precludes admission of evidence of price. (*Lanquist* v. *City of Chicago,* 200 Ill. 69, 65 N. E. 681.)

The price paid for an object having no fixed standard or market value is inadmissible as evidence of value. (*Foote* v. *Lorain & C. Ry. Co.,* 21 Ohio C. C. 319.) This animal being sired by a very high-priced Holstein bull, its value depending upon individuality, as well as breeding and upon its development from a calf when purchased to its matured status when killed, could not be classified with objects of fixed market value like standard merchandise, · *etc.*

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was brought for recovery of damages caused by the alleged wrongful killing of a Holstein heifer. Judgment was rendered in favor of plaintiffs. Appeal was taken from the judgment, and from order overruling motion for a new trial.

The only questions presented upon these appeals are those [1] involving the admissibility of evidence. It appears that the heifer, at the time it was killed, was fourteen months of age, and that plaintiffs purchased the animal when it was 'four months old. Testimony was given showing that the animal was high-grade, registered stock, and that its principal value lay in its breeding. Upon cross-examination one of the plaintiffs was asked the price that he paid ·for the heifer. A similar question was asked of witness Frank Streff, who sold it to plaintiffs. Objections to these questions were sustained on the ground that the sale price was immaterial, because too remote to be of any evidentiary value. Defendant contends that the court erred in sustaining these objections. In cases of ordinary livestock, not registered and not of any particular

value because of breeding, such objections could be made with more force than in the present instance. While ordinarily, in case of "mongrel" stock, the sale price at four months of age would not have any substantial bearing upon the value of the same animal ten months later; yet when the value is principally in the breeding, which condition is constant during the entire life of the animal, then such sale price would reflect materially upon its value at any time, unless it may be at the time when its individuality may overwhelmingly predominate over the element of breeding. In our opinion, such evidence would be material, and should have been admitted. While the court has a discretion in these matters, it seems to us that there was an abuse of discretion in sustaining these objections.

The admissibility of the evidence is especially apparent when question as to sale price is asked upon cross-examination. It is the policy of the courts to permit a broad cross-examination touching all matters that may be connected with the examination in chief. It is stated in *State* v. *Biggs*, 45 Mont. 400, 123 Pac. 410: "The right of cross-examination is a substantial one, and may not be unduly restricted. It may extend, not only to facts stated by the witness in his original examination, but to all other facts connected with them which tend to enlighten the jury upon the question in controversy." While sale price of the animal in question at four months of age would not be an absolute criterion as to its value ten months later, yet it would tend to enlighten the jury upon such value, particularly the value of its breeding, in which, as has been pointed out, was its principal value.

Plaintiffs suggest that perhaps this calf was purchased under a lump sum with other stock, and therefore the sale price was immaterial. The record, however, fails to show that such was the fact, and this court can act only on the record as it is presented.

Plaintiffs also contend that there was no error in excluding [2] this evidence because no offer of proof was made. Offer

of proof is not necessary on cross-examination. (*Herzig* v. *Sandberg*, 54 Mont. 538, 172 Pac. 132.)

Other questions were asked upon cross-examination, involving [3] the expense of keeping the animal for the ten months period between the time it was four months old and the time it was fourteen months old, and also regarding sales of Holstein stock not registered, to which questions objections were sustained. We think the court was correct in its rulings upon these questions, as they do not in any way bear upon the market value.

For the reasons hereinbefore given, the judgment and order are reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.