STATE, RESPONDENT, *v.* RICHARDSON, APPELLANT.

(No. 4,991.)

(Submitted April 15, 1922. Decided May 8, 1922.)

[207 Pac. 124.]

*Criminal Law—Rape—Improper Cross-examination of Prosecutrix—Evidence—Inadmissibility—Trial — Remarks of Judge —Review.*

Rape—Uncorroborated Testimony of Prosecutrix Sufficient to Convict.
    1. In a prosecution for rape the uncorroborated testimony of the prosecutrix is sufficient to sustain conviction.
Same—Conflict in Evidence for Jury's Determination.
    2. The solution of any conflict in the evidence in a prosecution for rape is a matter within the exclusive province of the jury.

[63 Mont. 322.]

Same—Sexual Intercourse With Others—Improper Cross-examination of Prosecutrix.

3. Where the prosecuting witness in a case of rape had not been asked on her direct examination as to acts of sexual intercourse with persons other than defendant, his counsel by propounding to her a question of that nature on cross-examination made her his own witness and was bound by her negative answer and therefore was properly denied permission to introduce testimony of witnesses to whom she was said to have stated that she had been intimate with others.

Same—Restricting State's Evidence—Failure to Give Instruction—When Defendant May not Complain.

4. Where the testimony of a physician touching a physical examination of the complaining witness was admitted solely for the purpose of showing that sexual intercourse might have taken place, and for none other, failure of the defendant to offer an instruction on the subject of its limitation deprived him of the right to complain that such an instruction was not given.

Same—Impeaching One's Own Witness—Showing Necessary.

5. Before a party may contradict his own witness by showing inconsistent statements, he must, under section 10666, Revised Codes of 1921, make a showing that he was misled or taken by surprise.

Same—Consent—When not Defense.

6. Consent is not a defense in a prosecution for rape where the prosecutrix at the time the act was committed was under the age of consent.

Same—Reputation of Prosecutrix for Unchastity—When Evidence Admissible.

7. *Obiter:* In a prosecution for rape where the prosecutrix is above the age of consent, evidence of her general reputation for unchastity may be received for the purpose of showing the nonprobability of resistance on her part; not, however, by showing specific acts.

Same—Evidence of Sexual Intercourse With Others—When Inadmissible.

8. Evidence of immoral or unchaste conduct by the prosecutrix with others than defendant charged with rape is inadmissible either by proving general reputation for unchastity or by proof of specific acts of immoral conduct, where she was under the age of consent.

Same—Trial—Prejudicial Remarks by Judge—When not Reviewable.

9. Where the record does not disclose that defendant objected to alleged prejudicial remarks by the trial judge made when defendant was testifying, or a request by him that the jury be cautioned, error predicated upon them cannot be considered on appeal.

(MR. JUSTICE GALEN dissenting.)

*Appeals from District Court, Flathead County; C. W. Pomeroy, Judge.*

JOSEPH W. RICHARDSON was convicted of rape, and he appeals from the judgment of conviction and from an order refusing a new trial. Affirmed.

---

8. Right of accused to show unchastity of prosecutrix in statutory rape, see note in 48 L. R. A. (n. s.) 269.

*Messrs. Brennen & Kendall,* for Appellant, submitted a brief; *Mr. William J. Brennen* argued the cause orally.

The whole case of the prosecution rests upon the uncorroborated statement of the prosecutrix as to the acts of intercourse with defendant, and we fail to see why the defense could not be permitted to show by her statements that she had intercourse with other men to rebut the testimony of the physician and the presumption created thereby.

The general rule of law is that other acts of intercourse with other men cannot be the subject of cross-examination, but in the case of *State* v. *Apley,* 25 N. D. 298, 48 L. R. A. (n. s.) 269, 141 N. W. 740, we find the following rule laid down which is applicable to the testimony in this case: "But under the state of this record, after the physician had testified in the state's behalf to the physical condition of the prosecutrix, as he was properly allowed to do, as corroborative of the state's theory of the case—he testifying that the hymen had not only been ruptured, but had sluffed away—that under these circumstances the cross-examination of the prosecutrix concerning specific acts of intercourse with others should have been permitted to show that such a condition might have been brought about by others and thus, if possible, break the force of the necessary inference cast against defendant by the testimony of the physician. The exclusion of this testimony alone necessitates a reversal of the judgment (citing a large number of cases). And this is true in statutory rape as well as in common-law rape."

The remarks of the court quoted complained of were, we think, unwarranted and uncalled for and the court went beyond his province as the trial judge in making them. The court said: "You have been warned by the court enough about this. It is not necessary to keep repeating these matters. You understand English well enough to know what the court means when he has told you several times before to leave these matters alone." On an examination of the testi-

mony of the defendant we fail to find where the court had given him any special warning or had repeatedly done so.

*Mr. Wellington D. Rankin*, Attorney General, and *Mr. A. H. Angstman*, for the State, submitted a brief; *Mr. L. A. Foot*, Assistant Attorney General, argued the cause orally.

Evidence of illicit relations with other men by the prosecutrix is wholly immaterial in a prosecution for rape. (*State v. McPadden* (Minn.), 184 N. W. 568.)

Where a witness is cross-examined as to matters not touched upon in the direct examination, the party so cross-examining the witness makes the witness his own as to such matters and cannot discredit him by showing prior contradictory statements. (40 Cyc. 2693; *Bullard* v. *Smith*, 28 Mont. 387, 72 Pac. 761; *State* v. *Henson*, 105 Kan. 581, 185 Pac. 1059; *Bertschinger* v. *Campbell*, 91 Wash. 478, 158 Pac. 80.)

The record does not show that the defendant took any exception to the remarks of the court complained of, nor did he ask the court to instruct the jury to disregard the remark. Before a defendant can take advantage of remarks made by the court on motion for a new trial or on appeal, he must have taken an exception to the remarks or must have asked the court to instruct the jury to disregard them. (38 Cyc. 1324; *Cone* v. *Smyth*, 3 Kan. App. 607, 45 Pac. 247; *Brown* v. *Lemon Cove Ditch Co.*, 36 Cal. App. 94, 171 Pac. 705; *Drumm Flato Com. Co.* v. *Edmisson*, 17 Okl. 344, 87 Pac. 311; *Dorris* v. *Farmers & Merchants' Bank of Cumming*, 22 Ga. App. 514, 96 S. E. 450; *Moore* v. *McAfee*, 151 Ga. 270, 106 S. E. 274; *Boggs* v. *Jewell Tea Co.*, 266 Pa. St. 428, 109 Atl. 666, 668; *Hunter* v. *Hunter* (Tex. Civ. App.), 187 S. W. 1049.)

MR. COMMISSIONER COMER prepared the opinion for the court.

The information in this case charges the defendant and appellant with rape of one Mary Richardson, a girl of the age of fourteen years at the time of the commission of the offense,

June 25, 1920. The case came on for trial in the district court on the seventh day of December, 1920; the jury returned a verdict of guilty; and from the judgment of conviction and the refusal of the district court to grant a new trial, the defendant appeals.

The assignment of error is: That the court erred in overruling defendant's motion for a new trial for the following reasons: First, that the verdict is contrary to the law and the evidence; and, second, that the court erred in decisions of questions of law arising during the progress of the trial. We will consider these assignments in the order stated.

The appellant contends that the testimony is insufficient to support the verdict rendered by the jury, and that the judgment should be reversed for that reason.

It appears that, from the evidence in the case, defendant and his wife adopted the prosecutrix, Mary Richardson, in February, 1916, while they were living in Saskatchewan, Canada. Thereafter they moved to the state of Minnesota, and about January 1, 1920, Mrs. Richardson left for California, where she remained for about seven months. Thereafter defendant and Mary left Minnesota for Texas, where they remained a short time, arriving in Kalispell, Montana, in the month of May, 1920.

The prosecutrix testified to many acts of intercourse between herself and the defendant, commencing in the year 1916, the last act being performed on the twenty-fifth day of June, 1920, the date alleged in the information; that many times he took her to hotels, where they occupied the same room and the same bed. Defendant admits that they occupied the same room at various times, but denies that they occupied the same bed. A further detail of the evidence in this case would not serve any useful purpose. It is sufficient to say that after a careful examination of all of the evidence in the case we are of the opinion that it warrants the verdict returned by the jury.

The uncorroborated evidence of the prosecutrix is sufficient
[1] to sustain the conviction. (*State* v. *Peres,* 27 Mont. 358,
71 Pac. 162; *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773.)

The solution of the conflict in the evidence is in the ex-
[2] clusive province of the jury. (*State* v. *Gaimos,* 53 Mont.
118, 162 Pac. 596.)

The story told by the prosecutrix is not unreasonable or
improbable. There is corroboration of the prosecutrix in the
record. While they were living at Kalispell, one evening the
defendant asked the prosecutrix to sleep with him, and he was
overheard by several young girls who were there at the time;
defendant not knowing they were present.

During the course of the examination of the prosecutrix, she
[3] was asked by the counsel for the defendant whether she
had not had intercourse with persons other than the defend-
ant, to which she answered, "No." She was then asked
whether she had not told Mrs. Richardson about having inter-
course with a boy by the name of Bordson and a boy by the
name of Cunningham, to which she answered, "No." An ob-
jection was then made to this cross-examination, the court
stating: "If the defense has no evidence of these acts other
than the statements of the complaining witness, that line of
questioning will be excluded, and that line of evidence ruled
incompetent." The defendant stated he had no other evidence
except the statements of the prosecuting witness. The offer
was then made to ask the prosecutrix whether she did not
tell Mr. and Mrs. Richardson, during the month of March,
1916, that she had intercourse with a man by the name of
Jones. Objection was made to the question and sustained.

Thereafter a doctor testified for the state that she had ex-
[4] amined the prosecutrix subsequent to the alleged offense
set forth in the information, and prior to the trial; that she
had found the hymen of the prosecutrix absent and her parts
larger than would be expected in a girl of her years. The de-
fendant, after the doctor had testified, made an offer to ask
the prosecutrix on cross-examination if she did not tell to

Mr. and Mrs. Richardson, during the year 1916, that she had intercourse with one Cunningham, and if she did not tell Mrs. Richardson the same story concerning one Jones and one Bordson. Objection was made by the state to the questions, and the objection sustained. The defendant thereafter offered to show by Mrs. Richardson, the wife of the defendant, that the prosecutrix had told her during the year 1916 that she had had intercourse with Cunningham and Bordson. Objection was made and sustained to these questions.

It is the contention of the defendant that error was committed by the district court because of the refusal to allow the defendant to ask these questions, and that, inasmuch as the doctor testified to the physical condition of the prosecutrix, he should be allowed to show that she had had intercourse with other persons, and, if possible, break the force of the necessary inference cast against the defendant by the testimony of the physician, citing the case of *State* v. *Apley*, decided by the supreme court of North Dakota, 25 N. D. 298, 48 L. R. A. (n. s.) 269, 141 N. W. 740; and that, since defendant could ask prosecutrix as to prior acts of sexual intercourse with others, and the prosecutrix having testified on cross-examination that she did not have intercourse with persons other than defendant, he (defendant) should have been allowed to impeach the girl by asking Mrs. Richardson if she was not told by prosecutrix of sexual acts with others. In other words, the defendant contends that it is proper for defendant to ask prosecutrix as to other acts to rebut the presumption created against defendant by the testimony of the physician, and therefore impeachment of her denial should be allowed.

The real question thus raised by defendant is whether he should have been allowed to impeach prosecutrix by the testimony of Mrs. Richardson. The testimony of the physician was given for a limited purpose. The state informed the court: "That the testimony which the state expects to introduce on the physical condition of the girl will not be directed to the fact that the destruction of the membrane or the con-

dition of the organ was produced by this defendant. We are willing that the jury shall be so instructed, but merely to show that, on the physical condition of the child, it is possible that these acts took place. And we are willing that the jury shall be instructed that the testimony of the doctor on this point shall be competent only for the purpose of showing the possibility for the act to have taken place, and not with any idea of, by that testimony, connecting the defendant in any way with the offense." Defendant alleges the court failed to instruct the jury concerning the purpose of the physician's testimony, but if such instruction was desired by the defendant, he should have offered such an instruction, and he cannot now complain that such an instruction was not given. (Sec. 11969, Rev. Codes 1921; *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *State* v. *Francis,* 58 Mont. 659, 194 Pac. 304.) In the latter case, the court said: "No instruction was offered by the defendant as to the purposes for which the testimony was received, and one was hardly necessary. By not offering an instruction on the subject, the defense may be presumed to have been satisfied that none was necessary, and it would seem that the assignment of error came as an afterthought."

The evidence of the physician having been given for a specific purpose, as shown by the statement of counsel for the state, the jury must have understood what its purpose was, and considered it only for the purposes for which it was offered. (*State* v. *Francis, supra.*)

When the prosecutrix was examined by counsel for the state, no questions were asked about acts of sexual intercourse with persons other than defendant, and therefore, when defendant examined her about such acts and asked her as to her conduct with other persons, he made her his own witness, and was bound by her answers with reference to those matters not touched upon on the direct examination. (Sec. 10665, Rev. Codes 1921; *State* v. *Smith,* 57 Mont. 349, 188 Pac. 644; *Mautner* v. *Brody* (Sup.), 120 N. Y. Supp. 734; *Faulkner* v. *Rondoni,* 104 Cal. 140, 37 Pac. 883.)

The error alleged by defendant is the failure of the court to allow the testimony of the girl brought out on cross-examination to be impeached by the testimony of Mrs. Richardson. The defendant was attempting to impeach the prosecutrix as to matters not touched upon or brought out on the direct examination. This cannot be done. (Modern Law of Evidence, sec. 3756.) In *Mautner* v. *Brody, supra,* the court held that where a witness for defendant, on cross-examination, is asked by plaintiff about a matter not touched upon in the direct examination, he becomes plaintiff's witness as to the evidence he gives in response to the question, and he cannot be contradicted by the introduction by plaintiff of previous inconsistent statements. The same rule is upheld in *Faulkner* v. *Rondoni, supra.*

In *Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 761, the court said: "The rule is well settled that a witness cannot be contradicted as to collateral matters brought out upon cross-examination. (Greenleaf on Evidence, sec. 462 *et seq.*)"

Having made prosecutrix his own witness as to these matters, defendant was bound by her answers, and could not impeach her by the testimony of Mrs. Richardson. (40 Cyc. 2693.)

It is true that under section 10666, Revised Codes of 1921, [5] a party may contradict his own witness by other evidence or by showing inconsistent statements, but before this can be done, a showing must be made. Defendant made no showing of any kind, so if he proceeded upon the theory that his impeaching evidence should have been received because prosecutrix became his witness, he has not brought himself within the provisions of section 10666, providing for the impeachment of a witness by the party producing him.

Sections 2049 and 2052 of the Code of Civil Procedure of California are the same as sections 10666 and 10669, respectively, of the Revised Codes of Montana of 1921. In construing these sections, the supreme court of California has held that, before a party calling a witness could impeach him,

it must be shown that the party by whom the witness has been produced has been misled and taken by surprise; that he had reason to believe the witness would give testimony favorable to him; and that a party under the guise of this rule cannot present to the jury mere hearsay declarations. (*Zipperlen* v. *Southern Pac. Co.*, 7 Cal. App. 206, 93 Pac. 1049; *People* v. *Crespi*, 115 Cal. 50, 46 Pac. 863.)

This court, in construing section 8022, Revised Codes of 1907, now section 10666, Revised Codes of 1921, said: "We think that under the express terms of this statute the state has a right to cross-examine one of its own witnesses where it satisfactorily appears that the evidence has taken the county attorney by surprise, and is contrary to the examination of such witness preparatory to the trial, or what the prosecuting attorney has reason to believe the witness would testify to." (*State* v. *Bloor*, 20 Mont. 574, 52 Pac. 611; see, also, *State* v. *Willette*, 46 Mont. 326, 127 Pac. 1013.)

We are of the opinion the district court was correct in refusing the offer, as defendant did not make any showing so as to bring himself within the statute. If the purpose of the offer was to affect the credibility of the prosecutrix by showing prior acts of intercourse with persons other than defend-
[6] ant, then the district court was clearly right in refusing the offer, because consent is not a defense, in this case.

In cases where the prosecutrix is above the age of consent,
[7] evidence of the general reputation of the prosecutrix for unchastity may be received for the purpose of showing the nonprobability of resistance by the prosecutrix, for in such cases the resistance of the prosecutrix is an essential element and one of the issues of the trial. For it is more probable that a woman who has had unlawful acts of intercourse voluntarily in the past would be much more likely to consent than would a woman whose personal conduct could not be truthfully assailed (*People* v. *Johnson*, 106 Cal. 289, 39 Pac. 622), but in this case the question of consent is not involved (*State* v. *McPadden* (Minn.), 184 N. W. 568; *State* v. *Jones*, 32

Mont. 442, 80 Pac. 1095; *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647), because the prosecutrix is under the age of consent, as fixed by the statute (sec. 11000, Revised Codes 1921).

The weight of authority is to the effect that evidence of **[8]** immoral or unchaste conduct with others than the defendant in a case of this character is inadmissible, either by proving general reputation for unchastity or by proof of specific acts of immoral conduct, where the prosecutrix was under the age of consent. (*Walker* v. *State,* 8 Okl. Cr. 125, 126 Pac. 829; *People* v. *Johnson, supra; State* v. *Smith,* 18 S. D. 341, 100 N. W. 740.) And in those cases where the prosecutrix was over the age of consent at the time of the commission of the crime, the reputation for unchastity cannot be shown by evidence of specific acts. (*State* v. *McPadden, supra; People* v. *McLean,* 71 Mich. 309, 15 Am. St. Rep. 263, 38 N. W. 917; *State* v. *Ogden,* 39 Or. 196, 65 Pac. 449; *State* v. *Smith, supra;* 33 Cyc. 1749.)

Even though the credibility of the prosecutrix could be attacked by a showing of immorality or unchastity, it could not be done by cross-examination of prosecutrix on matters not brought out on direct examination, and a subsequent impeachment of her testimony, as this is not proof of any fact. The prosecutrix testified she had no intercourse with persons other than defendant. The offer of testimony of Mrs. Richardson that prosecutrix had told her she had performed such acts with others, if received, would not be proof of such acts. So it is clear that no injustice was, in any event, done to defendant by the exclusion of the testimony of Mrs. Richardson. Defendant stated to the court he had no evidence of the alleged acts of sexual intercourse of prosecutrix with others, except the alleged admissions of prosecutrix.

Error is predicated upon certain remarks the court made **[9]** to the defendant while he was testifying upon the witness-stand, which prejudiced him with the jury. No error was committed by the court in admonishing the witness; and the record does not disclose that any objection was made by

the defendant at the time or request that the jury be cautioned.

We are of the opinion that there is no reversible error in the record, and that the evidence sustains the verdict of the jury and the judgment of the court.

It is recommended that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HONORABLE ROY E. AYRES, District Judge (sitting in place of MR. JUSTICE REYNOLDS, disqualified) : I concur in the affirmance of the judgment and order, but not in all that is said in the opinion.

MR. JUSTICE GALEN: I dissent. It is my opinion that error was committed in denying the defendant the right of cross-examination of the prosecutrix as to whether she did not make statements to Mrs. Richardson that she had had intercourse with other persons mentioned. Having answered that she had never had such relations with any other persons than defendant, it was proper to question her concerning her statements made, acknowledging her intimacy with men other than the defendant, and more especially so in view of the doctor's testimony as to the absence of the hymen and the unusual development of the· organ for a girl of her age. Such questions were proper as testing her credibility, and in such a case, if the accused is to be denied reasonable latitude in cross-examination respecting the credibility of the prosecutrix, he is placed in defenseless position, no matter how free from guilt he may be. On any ground or for any motive he may be convicted and the conviction allowed to stand on the uncorroborated evidence of the prosecutrix, whose lack of veracity or dependability on proper cross-examination might have been so clearly shown as to produce a different result in the minds of the jury. Moreover, the testimony was clearly competent

in aid of determination of proper punishment, in the event the defendant was found guilty.

As was well stated by Mr. Chief Justice Murray, in the early California case of *People* v. *Benson*, 6 Cal. 221, 65 Am. Dec. 506: ''There is no class of prosecution attended with so much danger, or which affords so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless.''

Where the prosecutrix is the sole witness, and the defendant is in consequence compelled to rely almost entirely upon her want of credibility, the greatest latitude should be permitted on cross-examination. Although want of chastity is no defense to such an accusation, yet when the prosecutrix has denied having had relations with other men, her admissions and confessions theretofore made should not be excluded, as her credibility may thereby be determined. Proof of specific acts with others than the defendant may be shown to rebut corroborating circumstances, when, as in this case, a physician has testified to the absence of the hymen and enlargement of the parts. (33 Cyc. 1481.)

If she made contradictory statements, this was certainly a test of her credibility. Again, if she were shown to have had intercourse with others mentioned, this might explain to some degree at least the reason for the enlargement described by the physician. The offer to limit the purpose of the doctor's testimony was, in my opinion, not curative, for the damage had been done by its introduction in advance of the statement made by the county attorney as to its purpose.

The questions propounded and offer of proof made by defendant on cross-examination of the prosecutrix were certainly proper for purposes of impeachment. I think the rule laid down in the North Dakota case (*State* v. *Apley*, 25 N. D. 298, 48 L. R. A. (n. s.) 269, 141 N. W. 740), referred to in the majority opinion, correct; and that which should be followed and applied in the instant case. Our statute (sec. 10665, Rev. Codes 1921) provides: ''The opposite party

may cross-examine the witness as to any facts stated in his direct examination or connected therewith, and in so doing may put leading questions, but if he examine him as to other matters, such examination is to be subject to the same rules as a direct examination.''

And in construing and applying the purpose and effect of this statute, this court has heretofore given expression to the doctrine which I contend applicable to the instant case. In the case of *Kipp* v. *Silverman*, 25 Mont. 296, 64 Pac. 884, it is said: ''The statute  *  *  *  permits a wide range for cross-examination, and the courts should incline to extend, rather than restrict, the right.''

''Doubt respecting the limits to which cross-examination may go ought usually, if not always, to be resolved against the objection.'' (*Cobban* v. *Hecklen*, 27 Mont. 245, 70 Pac. 805.)

''The right of cross-examination extends not only to all facts stated by the witness in his original examination, but to all other facts connected with them, whether directly or indirectly, which tend to enlighten the jury upon the question in controversy, and this right should not be restricted unduly.'' (*State* v. *Howard*, 30 Mont. 518, 77 Pac. 50; see, also, *State* v. *Biggs*, 45 Mont. 400, 123 Pac. 410; *Herzig* v. *Sandberg*, 54 Mont. 538, 172 Pac. 132.)

The defendant did not, as stated in the majority opinion, make the prosecutrix his own witness by asking her regarding intercourse by her had with other persons, and, when she denied such relations, it was perfectly competent to make inquiry on cross-examination as to whether or not she had not made confessions or admissions to Mrs. Richardson of specific instances of relations with other men, naming them. Such questions were, in my opinion, within the field of legitimate cross-examination. The witness having made contrary statements concerning the subject under inquiry, it was proper to cross-examine as regards thereto for the purpose of testing her credibility, and ''if the question was within the legiti-

mate range of cross-examination, it was none the less so that it was also proper in support of defendant's case." (*Herzig* v. *Sandberg, supra*.)   Such facts may be proved on the trial as serve to show the credibility of a witness (sec. 10531, Rev. Codes 1921), and while a witness is presumed to speak the truth, such presumption may be repelled by the manner in which the testimony is given, by the character of the testimony, or by contradictory evidence. (Sec. 10508, Rev. Codes 1921.)   The prosecutrix testified that the first time the defendant had had intercourse with her was when she was but ten years of age; that the act was then committed with her standing up; that she did not bleed at all; and that it did not hurt her much.   By such testimony, the common knowledge of mankind would naturally bring into question her veracity.   Where a conviction for rape is obtained upon the uncorroborated testimony of the prosecutrix, and her testimony in itself is inherently improbable, susceptible of contradiction, or reflection is made upon its credibility by other facts or circumstances, manifestly it is error to exclude it. (*People* v. *Hamilton*, 46 Cal. 540; *People* v. *Ardaga*, 51 Cal. 372.)

As was well said in *People* v. *Benson, supra:* "A conviction upon such evidence would be a blot upon the jurisprudence of the country, and a libel upon jury trials."

While the jury are the exclusive judges of the credibility of a witness, yet it is dangerous to permit a conviction to stand in any case where the defendant has been denied substantial rights of cross-examination.   It is my opinion that the district court erred in so restricting cross-examination of the prosecutrix, and therefore the judgment and order should be reversed and the cause remanded for a new trial.