HOWARD, APPELLANT, *v.* FRASER, RESPONDENT.

(No. 6,299.)

(Submitted October 4, 1928. Decided October 23, 1928.)

[271 Pac. 444.]

*Mr. Benj. P. Harwood,* for Appellant, submitted a brief and argued the cause orally.

*Mr. H. C. Crippen,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

In this case the plaintiff sought, by two causes of action set out in his complaint, to recover judgment against the defendant upon two promissory notes for the sum of $300 each, given by defendant to one A. Howard on May 3, 1926, due, respectively, 9 and 12 months after date, alleged to have been "sold, assigned, and transferred" to him by said A. Howard.

The defendant's answer to each cause of action is the same. The making of the notes is admitted; but it is denied that they were made or executed for value, or that they were owned by plaintiff. The answer also sets forth three special defenses, and a counterclaim to each cause of action. In these special defenses it is alleged that the notes in suit were given as a part of the purchase price of a jack sold to defendant by A. Howard, which was warranted and represented by him to be fit and proper for the purpose of breeding mares, and at least sixty per cent efficient as a foal getter, and "physically well and strong and free from disease." The counterclaims were for $150 cash paid at the time of the purchase of the jack and $150 damages for special care, attention, feed, etc., for said jack, above the income received from his services.

Plaintiff moved to strike out certain portions of the defendant's answer, on the ground that the same were redundant,

and to require defendant to elect on which of the defenses he would rely. This motion was denied, and thereafter plaintiff filed a' reply by which issue was joined on the affirmative allegations of the answer.

The cause was tried to a jury, and resulted in a verdict in favor of the defendant for one dollar. Plaintiff made a motion for a new trial, which was denied, and he has appealed from the judgment.

Counsel for plaintiff has made fifty specifications of error, some of which will require special mention, others will not. Counsel first charges error in the order of the court denying his motion to strike certain portions of the answer, and to require defendant to elect upon which defense he would rely. Under the provisions of section 9146, Revised Codes of 1921, a defendant may set forth in his answer as many defenses as he has and, being privileged to set them forth, may introduce evidence to sustain them. From this it follows that he may not be required, in advance, to elect upon which one he may rely. The court did not err in its ruling on the motion under consideration.

While defendant was on the stand in his own behalf he testified, without any objection on the part of the plaintiff, concerning the contents of a letter which he had written to A. Howard, notifying him that the jack was not as represented; and identified a copy of the letter, which was thereupon read in evidence, over plaintiff's objection that no proper foundation had been laid for the introduction of a copy, because no demand had been made upon him to produce the original. Since the witness had already, without objection, given the substance of the letter in his oral statement no prejudicial error was committed by allowing the copy to be read in evidence.

While defendant was on the stand he had testified, on cross-examination, that he had a certificate from the state permitting him to stand the jack for breeding purposes, which he kept in his house, and showed to anyone who wanted to see it, and

thought he had complied with all of the laws of the state on the subject of standing a jack at public hire for breeding purposes. He was then asked whether he had ''the license posted on the main door of the stable.'' To this question an objection, on the ground that it was immaterial, was sustained. Plaintiff then offered to prove by the witness that he had kept at his place, where he kept the jack in question, copy of license required by section 3364, Revised Codes of 1921; that he advertised the jack, and inserted in the advertisement a copy of the license certificate as required by law, and therein represented that the jack was certified to be of pure breeding and reported to be free from infectious, contagious or transmissible disease, and was sound. An objection to this offer was sustained by the court, and this is assigned as error.

It is not necessary, on cross-examination, for plaintiff to make an offer of proof as a condition precedent to being entitled to urge error on the exclusion of evidence. (*Budd* v. *Northern Pac. Ry. Co.*, 59 Mont. 238, 195 Pac. 1109.) As to the first part of the offer, the witness had already testified that he kept the license at his house and showed it to anyone who wanted to see it. As to the second part of the offer, it may be said that the defendant did not claim that the jack was afflicted with any infectious, contagious or transmissible disease, and so announced in open court. Moreover, the offer did not specify the time when the published notice was given, if at all, and that was a material matter, since, according to the evidence, defendant did not conclude that the jack was unsound until July 20, and long prior thereto had received a certificate from the state veterinarian as to the soundness of the jack, upon which the statement in the notice would have been based. Under these circumstances the court did not err in rejecting the proffered proof.

Plaintiff's assignments of error 11 to 36, inclusive, are predicated upon the rulings of the court made during the examination of the witnesses Dr. Gehegen, Clyde Howard, and

Bert Howard. We have given careful consideration to the testimony of each of these witnesses, and are of the opinion that no prejudicial error was committed by the court in any of the rulings of which complaint is made.

Assignments of error 38 to 47, inclusive, relate to the action of the court in giving, and refusing to give, certain instructions tendered by the respective parties. The record before us does not contain the instructions given to the jury. The language of this court in *Renshaw* v. *Switzer,* 6 Mont. 464, 13 Pac. 127, is applicable to the situation presented in this case: "The record contains only such portions of the instructions as were excepted to by the appellant. This is not a fair presentation to this court of the instructions given below. We should have an opportunity to examine all the instructions and to look at them as a whole. It often happens that the substance of a refused instruction has been given in another, and unless all the instructions are before us a case might be reversed and remanded for a new trial for the refusal to give an instruction which in fact had been given in substance in another instruction. Whenever the giving or refusing of instructions is excepted to, all the instructions given or refused should be contained in the record."

It is the rule generally that, where all the instructions are not included in the record, it will be presumed that, were the whole charge before the appellate court, all their imperfections were harmonized and a correct statement of the law was made. (2 Cal. Jur. 869; *Foster* v. *Young,* 172 Cal. 317, 156 Pac. 476; *Harris* v. *Barnhart,* 97 Cal. 546, 32 Pac. 589.)

Upon this state of the record we cannot consider the errors alleged to have been made by the court in the settlement of the instructions.

Finally it is urged that the evidence is insufficient to justify the verdict. To attempt a restatement of the evidence introduced at the trial would not serve any useful purpose. Suffice it to say that it was conflicting but that there was enough to justify the jury in finding that the vendor of the

jack, at the time he sold it to the defendant, warranted that it was sound and at least sixty per cent efficient as a foal getter; that the defendant believed in and relied upon such warranty and purchased the jack on the strength thereof; that he would not have purchased the jack if such warranty had not been made; and that the warranty was false in both respects.

On consideration of the whole record we are convinced that there was sufficient evidence to justify the verdict of the jury, that no prejudicial error is shown, that the judgment entered in the district court should be affirmed, and it is so ordered.

*Affirmed.*

ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.