Argued July 13; affirmed July 31, 1933

# CROCKER *v.* HOWLAND ET AL.

(24 P. (2d) 327)

*McDannell Brown,* of Portland (C. M. Idleman, of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken and W. E. Cameron, all of Portland, on the brief), for respondents.

RAND, C. J. This is a suit by plaintiff, as trustee in bankruptcy of the estate of T. M. Howland, bankrupt, to annul certain alleged fraudulent conveyances of the bankrupt and to compel the other defendants, as fraudulent grantees, to account for the conveyed property as trustees for the creditors.

It appears from the allegations of the complaint that one of the tracts of land alleged to have been fraudulently conveyed is situate in Skamania county, Washington; the other in Josephine county, Oregon. The suit was brought in the circuit court for Multnomah county, where none of said lands are situate. Upon the trial of the cause in the court below, defendants moved for a dismissal of the suit upon the ground that none of the real property was situate in Multnomah county and, for that reason, the court had no jurisdiction of the subject of the suit. This motion was not sustained. At the close of plaintiff's case in chief, defendants moved to dismiss the complaint upon that ground and also upon the ground that plaintiff had failed to prove sufficient facts to entitle him to equitable relief. The court sustained that motion, and plaintiff has appealed.

Upon the argument here, it was again contended that the court did not have jurisdiction of the subject of the action because none of the lands were situate in Multnomah county.

Section 1-401, Oregon Code 1930, provides that actions for the recovery of real property, or an estate or interest therein, shall be commenced and tried in

the county in which the subject of the action, or some part thereof, is situate. Section 6-108, Oregon Code 1930, provides that suits in equity for the determination of an adverse claim, estate or interest in real property shall be commenced and tried in the county where the land or the subject of the suit or some part of such land may be situate. This latter statute requires that suits in which the sole object is to set aside a deed for fraud shall be commenced and tried in the county where the land or some part thereof is situate.

■■ It is a fundamental rule of law that a state has exclusive jurisdiction to settle the title of property within its own limits and that a court of one state cannot, by its judgments or decrees, directly bind or affect the title to lands in another state. 7 R. C. L., p. 1042, p. 1058. It is also well settled that a court in one state is without jurisdiction to annul a deed of lands in another state, even though it appear that such deed was fraudulently obtained. *Cooley v. Scarlett,* 38 Ill. 316, 87 Am. Dec. 298, and note; *West Point Min. etc., Co. v. Allen,* 143 Ala. 547 (39 So. 351, 111 Am. St. Rep. 60, 5 Ann. Cas. 532), 7 R. C. L. 1060.

From this it follows that a decree of the circuit court for Multnomah county, in so far as it should attempt to set aside the deed of the Skamania county property, would be a nullity.

■■ It is, however, well settled that a fraudulent grantee, who accepts a conveyance of property for the purpose of enabling the grantor to keep it from his creditors, is liable to account therefor as a trustee for such creditors. 27 C. J., p. 668, section 454. For this reason, although the court did not have jurisdiction to set aside the deed of the lands in Skamania county, it did have jurisdiction to compel the grantees of those

lands to account therefor for the creditors, if the deed was fraudulently given and accepted. It, therefore, having jurisdiction of the parties, had jurisdiction of the subject-matter of the suit to the extent necessary to award to the plaintiff full and adequate relief and, since the court had jurisdiction to award full and complete relief to plaintiff by compelling the parties to account, it was immaterial whether the lands were within the jurisdiction of the court or not for the purposes of maintaining the suit. For that reason, it was proper for the court to deny the motion to dismiss upon that ground, since the relief sought in the case was not alone to set aside the deeds but to compel an accounting of the property alleged to have been fraudulently conveyed.

■ However, on other grounds we think the action of the trial court in dismissing the suit was proper. In a suit to set aside a deed in fraud of creditors, the question of fraudulent intent is a question of fact, not of law. Section 63-510, Oregon Code 1930.

■ Mere proof of circumstances sufficient to raise a suspicion is not sufficient to warrant a conclusion of fraud. The evidence must be sufficient to create a reasonable belief that the parties acted in bad faith. It must be clear, satisfactory and convincing. *Ball v. Danton,* 64 Or. 184 (129 P. 1032); *Castleman v. Stryker,* 107 Or. 48 (213 P. 436). The proof in the instant case was not clear, satisfactory or convincing. In fact, at the close of plaintiff's case, the court, in passing on the motion, said:

"The burden of proof is on the plaintiff to make out a case. There is evidence here that Howland said, 'This is my property'. That would not bind the grantees. You must show some fraud on the part of

the grantees as well as the grantors. There is none shown here. You must make out a clear and convincing case. This is anything but that. There may have been all the fraud in the world, but you haven't shown it here. You haven't shown anything that binds these McCartys and the title is in their name. The motion will be allowed.''

■ After examining this record and studying it, we are convinced that the statements made by the court are borne out by the record itself and, since the dismissal of the suit at that stage of the trial will not operate to bar another suit where the facts may be more fully developed, we are of the opinion that the decree of the lower court should be affirmed, and it is so ordered.

KELLY and ROSSMAN, JJ., concur.

BELT, J., did not participate in this decision.