Argued September 9, affirmed October 1, 1952

In re Estate of IDA DAHL, Deceased
BLOMGREN v. DAHL, Former Administrator
248 P. 2d 700

*Arthur E. Prag,* of Portland, argued the cause for appellants. With him on the briefs was Earl A. Fewless, of Portland.

*William F. Bernard,* of Portland, argued the cause for respondent. On the brief were Collier, Bernard, Bernard & Edwards, of Portland, and John L. Foote, of St. Helens.

Before BRAND, Chief Justice, and LUSK, LATOURETTE, WARNER and TOOZE, Justices.

WARNER, J.

The respondent, Peter Dahl, and Ida Dahl were husband and wife. For more than 30 years prior to

Mrs. Dahl's death they jointly operated a hotel in St. Helens, Oregon. Mrs. Dahl died intestate in October, 1947.

The appellants, John and Eugene Blomgren, are the children of a deceased son of Ida Dahl by a former marriage. They, with Peter Dahl, constitute all of Mrs. Dahl's heirs.

Peter Dahl was appointed administrator of his wife's estate. Thereafter John Blomgren, one of the appellants, petitioned for his removal. Pursuant to the order of removal which followed, Peter Dahl filed an account and report covering the period of his stewardship. In that document he claimed an undivided one-half interest in certain cash and other property of the value of $21,264.61, contending that these assets were the avails of his partnership enterprise with his wife.

Upon Dahl's removal, Leo Mickelson was appointed his successor. In that capacity Mickelson objected to the account and report, challenging particularly Peter Dahl's aforesaid claim of ownership and the existence of the partnership. Subsequent to the filing of the declaratory judgment suit hereinafter referred to, the Blomgrens filed in the estate matter objections of the same tenor.

During the course of the probate, the matter of Mrs. Dahl's estate was transferred, pursuant to the provisions of § 13-502, OCLA, from the county court to the circuit court for Columbia county.

The objections to Dahl's account made by the new administrator raised an issue as to the title to property then in probate. It was an issue which the circuit court, acting under § 13-502, OCLA, was impotent to resolve in the probate proceeding. *In re Estate of Ott,* 193 Or 262, 271, 238 P2d 269.

The objections of the successor administrator precipitated an independent proceeding in the circuit court of Columbia county for an adjudication of the disputed title and the existence of the partnership. In this Mickelson as administrator was plaintiff and Peter Dahl and the appellants Blomgren were defendants. The complaint sought an adjudication on these issues and invoked in aid the provisions of the Uniform Declaratory Judgments Act (§§ 6-601—6-616, inclusive, OCLA).

Upon the issues framed in the declaratory judgment action, a trial was had, resulting in a judgment in favor of Peter Dahl on his claim of a partnership interest in all the property which he had described in his account and report as being partnership property. The disappointed parties in that case, that is, Mickelson as administrator and the defendants Blomgren (the appellants here), instituted an appeal from that judgment, which they thereafter abandoned. It was dismissed of record in this court on November 8, 1950.

The circuit court thereafter reverted to the pending probate of Mrs. Dahl's estate and, after a formal hearing in that matter on the objections which the administrator Mickelson and the appellants Blomgren had made against the account and report of Peter Dahl, entered an order approving the account and report and in particular confirmed Dahl's claim of partnership ownership in the property, title of which was litigated in the declaratory judgment action. In so doing, the court treated the judgment in that action as res judicata in the probate matter. From this latter judgment the appellants appeal.

This appeal has the earmarks of an effort to circumvent the results flowing from the failure of the

Blomgrens to perfect their appeal in the declaratory judgment action.

There is but one question for us to decide: Was the judgment in the declaratory judgment action res judicata as to the objections raised by the appellants to Peter Dahl's account and report in the probate matter insofar as the declaratory judgment adjudicated title to property in the probate proceeding?

It is appellants' position that the judgment in the declaratory action is a nullity. They concede, however, that if it is not, then it operates as res judicata in the probate matter.

■ It is their claim that the court had no jurisdiction to determine a matter of title under the Declaratory Judgments Act. In support of their contention they assert that suits or actions for declaratory judgment are limited to those enumerated in §§ 6-602 and 6-604 of the Act, and boundaries established by these sections confine the courts to the interpretation and construction of written instruments and laws. We cannot agree with this narrow viewpoint and particularly when the Act itself is declared to be remedial and mandates a liberal construction and administration. § 6-612, OCLA.

Section 6-602 in essence provides for the construction of certain written instruments and public documents to which reference is therein made. Section 6-604 provides for declarations on matters arising out of trusts, estates and other fiduciary relationships. However, even if we concede, as we do not, that these sections narrow the functions and purposes to the extent claimed by appellants, their argument is completely devastated by the provision of § 6-605 reading:

"The enumeration in sections 6-601—6-604 does not limit or restrict the exercise of the general powers conferred in section 6-601, in any proceed-

ings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Moreover, appellants' position is contra to the declared purpose of the Declaratory Judgments Act which is "* * * to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *." § 6-612, OCLA.

In 1 CJS, Actions, 1035, § 18, we find this statement:

"In its original conception, a declaratory judgment was concerned only with questions of status or property rights connected therewith, and the construction of wills and other legal instruments, but at the present time its operation covers an almost unlimited field of subject matter or controversies, including rights or duties which do not depend upon a written instrument."

Also see 16 Am Jur, Declaratory Judgments, 280, § 7; 1 Anderson, Actions for Declaratory Judgments 2d ed, 20, § 4; *Temm v. Temm,* 354 Mo 814, 191 SW2d 629, 632.

■ The Declaratory Judgments Act is sufficiently broad in its scope and objectives to make the adjudication of the title to real or personal property an appropriate subject for a declaratory decree. 2 Anderson, Actions for Declaratory Judgments 2d ed, 1345, 1358, §§ 603, 607; Borchard, Declaratory Judgments 2d ed, 753, 756; *Pikeville Nat. Bank & Trust Co. v. Shirley,* 281 Ky 150, 135 SW2d 426, 126 ALR 919; *Abrams v. Abrams,* 76 NYS 2d 137, 139.

■ The construction of partnership agreements and the determination of the existence of a partnership are also proper subjects for a judgment of declaration. 2 Anderson, Actions for Declaratory Judgments 2d ed,

1204, § 519; Borchard, Declaratory Judgments 2d ed, 696; *Temm v. Temm,* supra.

■ A judgment under the Act is not only binding upon the parties to the action in which it is rendered as a conclusive and final determination of their respective rights or status as therein litigated but also carries the same weight as res judicata as would any other judgment when invoked in some subsequent action between the same parties concerning the same subject matter. § 6-601, OCLA; 16 Am Jur, Declaratory Judgments, 290, § 16; 2 Anderson, Actions for Declaratory Judgments 2d ed, 1079, § 459; Borchard, Declaratory Judgments 2d ed, 438.

■ We hold that the judgment in the declaratory action was a conclusive determination of the existence of the partnership between Peter Dahl and his wife and also as to the title to the property therein claimed by Peter Dahl to be partnership property and therefore res judicata in the subsequent proceeding had in the probate matter on the objections therein filed by Mickelson as administrator and the Blomgrens.

The judgment of the circuit court is affirmed.