JAMES CARPENTER, Plaintiff and Respondent v. EDNA
FREE, also known as EDNA JACOBSON, doing business
under the firm name and style of JACOBSON FURNI-
TURE COMPANY, Defendant and Appellant.

No. 10103
Submitted November 3, 1960. Decided December 19, 1960.
357 P.2d 882

Michael E. Ruane, John L. McKeon, Anaconda, for appellant.
Knight & Dahood, Anaconda, for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the third judicial district, Deer Lodge County, entered on a verdict in favor of the plaintiff, respondent herein, in a declaratory judgment action.

Respondent, James Carpenter, is the owner and operator of the Log Cabin Motel in Anaconda, Montana. This motel contains ten units. Appellant, Edna Free, is doing business in the same city under the firm name Jacobson Furniture Company. Respondent filed a complaint against appellant on November 14, 1956, alleging that his motel units were furnished by appellant pursuant to an oral agreement between respondent and appellant; that the oral contract provided for the furnishing of the motel units at a price not to exceed $6,000; that respondent has made payments pursuant to the contract in the amount of $5,300; and that a controversy has now arisen between the parties because appellant claims the balance due is to be computed on a contract price of $10,288.04 rather than $6,000. In the complaint respondent asked the district court to make a declaration of the rights and duties of the respective parties under the aforementioned oral contract.

Appellant filed a demurrer on December 7, 1956, contending respondent's complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and on June 5, 1958, appellant filed an answer in which she admitted respondent's motel units were furnished by her in accordance with an oral contract, but she denied the allegation that the oral agreement called for a contract price of $6,000. As an affirmative defense appellant alleged that the oral agreement called for a contract price of $10,288.04. Respondent filed a reply denying appellant's affirmative defense. Re-

spondent made a demand for a jury trial which was granted, and the cause came on for hearing on May 20, 1959. The jury returned a verdict in favor of respondent determining the oral contract between the parties to be for the sum of $6,000, and a judgment was entered thereon.

For her first specification of error appellant asserts the district court committed error in overruling the demurrer to the complaint. This contention is based on the premise that an action for a declaratory judgment cannot be maintained to interpret an oral contract.

Montana has adopted the Uniform Declaratory Judgments Act. Sections 93-8901 to 93-8916, R.C.M. 1947. The sections thereof which are pertinent to the question under consideration, i. e., whether a declaratory judgment action can be maintained to determine the rights and duties of the parties to an oral contract, are as follows:

"93-8901. [Sec. 1 of the Uniform Act] Courts of record within their respective jurisdiction shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

"93-8902. [Sec. 2 of the Uniform Act] Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

"93-8905 [Sec. 5 of the Uniform Act]. The enumeration in sections 93-8902, 93-8903 and 93-8904 does not limit or restrict the exercise of the general powers conferred in section 93-

8901, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

"93-8912 [Sec. 12 of the Uniform Act]. This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and it is to be liberally construed and administered."

Appellant claims the language, "written contract or other writings constituting a contract", in section 93-8902, indicates an intent on the part of the legislature to exclude oral contracts and thereby deny courts the power to entertain declaratory judgment actions thereon. The unsoundness of this proposition, however, is manifest. Section 93-8907 is a general grant of power to courts of record to declare rights, status, and other legal relations. Nothing in this section itself shows any legislative intent to exclude oral contracts from its operation. Moreover, section 93-8905 specifically provides that the enumeration contained in section 93-8902 does not limit or restrict the exercise of the general powers conferred in section 93-8901 when a judgment or decree in a declaratory judgment action will terminate the controversy or remove an uncertainty. From this it is clear that an action for a declaratory judgment can be maintained to obtain a determination of the rights and duties of the respective parties to an oral contract. See Borchard, Declaratory Judgments, 2d ed., p. 504; Anderson, Actions for Declaratory Judgments, 2d ed., § 589, p. 1323.

The question whether an action for a declaratory judgment can be maintained to declare rights, status, and other legal relations in situations where there is no written instrument creating said rights, status, or relations has been expressly considered and passed on by the highest courts in three states which have adopted the Uniform Declaratory Judgments Act. Temm v. Temm, 354 Mo. 814, 191 S.W.2d 629; In re Dahl's Estate, 196 Or. 249, 248 P.2d 700, 32 A.L.R.2d 965; Superior

Dairy, Inc. v. Stark County Milk Producers' Ass'n, 89 Ohio App. 26, 100 N.E.2d 695.

The Missouri and Oregon Courts expressly held a declaratory judgment action could be maintained even though there was no written instrument involved because section 5 of the Uniform Act provides that sections 2, 3 and 4 thereof do not limit the general powers granted in section 1.

Furthermore, as pointed out by the Oregon Court, to restrict declaratory judgments to situations where a person's rights, status, or other legal relations have their source in a written instrument would be contra to the declared purpose of the act as contained in section 12 thereof. Section 93-8912, R.C.M 1947.

The Ohio Court, on the other hand, indicated that a declaratory judgment action could only be maintained to declare the rights and duties of parties to a written instrument. However, we have examined that case in detail, and the court's holding therein is not quite as broad as some of the language would indicate.

The Ohio court recognized the fact that section 5 of the Uniform Act provides that sections 2, 3 and 4 thereof do not limit or restrict the exercise of the general powers conferred in section 1 in cases where a declaratory judgment will terminate the controversy or remove an uncertainty, but they said the converse was also true. In other words, if the declaratory judgment will not terminate the controversy or eliminate an uncertainty, then sections 2, 3 and 4 are limitations on the powers granted in section 1. The Ohio Court thereupon pointed out the fact that a declaratory judgment could not eliminate the controversy or remove the uncertainty existing under the vague, uncertain, undefined, and unwritten contract set forth in the petition in the lower court. It was on this basis that the Supreme Court of Ohio held the lower court had not committed error in sustaining a demurrer to the petition asking for a declaratory judgment. The reasoning of the Ohio court is not

applicable here because a declaratory judgment would terminate the controversy and eliminate the uncertainty which has developed between appellant and respondent.

In the instant case it was proper for the district court to overrule the demurrer to respondent's complaint.

Appellant also asserts the verdict of the jury is not supported by the evidence. The evidence adduced at the trial is conflicting, but there is substantial evidence which, if believed, sustains the verdict of the jury. This being so, we will not disturb that verdict, or the judgment entered thereon. Wilson v. Wininger, 136 Mont. 120, 345 P.2d 374.

While it appears there is no merit to the appellant's remaining specifications of error and no purpose would be served by a discussion of them, in view of the statement of the dissenting justice that there was prejudicial error in admitting testimony given in answer to leading questions and in admitting testimony giving the conclusions of the respondent when a witness, we will proceed to a discussion of each of the specifications of error in that respect.

As to the contention the court erred in allowing the plaintiff to testify to a conclusion, this is the record:

"Q. And was he going to change that figure at any time, Jim?

"Mr. McKeon: Pardon me. To which we object as calling for a conclusion on the part of this witness.

"The Court: Oh, overruled. The answer may be explained, and if not, that is, if he can explain it, and if not, the answer will be stricken.

"Mr. Dahood: Yes, your Honor. Jim did you have any intention of changing that figure of $10,000 at any time, in the books?"

It will be noted that the question to which the objection was made was never answered, the question was reframed so that instead of inquiring as to what somebody else was going to do the question asked what the witness was going to do. Clearly

the question which was answered, and to which no objection was made, did not call for a conclusion of the witness and no error resulted.

As to the second alleged error the objection was that the question was leading and suggestive, coupled with a request that the answer be stricken. The court denied the objection and requested counsel to state his objection at the time questions were asked and not after the witness had answered. However, by the specification of error it is contended that the court erred in allowing the attorney for the respondent to engage in prejudicial misconduct by continuing to pursue a line of inquiry after an objection had been sustained thereto by the court. At the time of the propounding of these questions the matter under inquiry was the testimony of the respondent given in a divorce action. It appears from the record here that the respondent could neither read nor write and counsel had a great deal of difficulty in eliciting his testimony because of his lack of understanding. The sole objection in the district court was that the question was leading and suggestive and no contention was made that there was any prejudicial misconduct on the part of counsel; no request was made that the court instruct the jury in that respect; no motion for new trial made upon the basis of misconduct; and the charge is made for the first time upon this appeal. Since the appellant failed to raise this issue in the district court, even if it were meritorious which most certainly it is not, he cannot be now heard on appeal as the question is not properly before this court. Hayward v. Richardson Const. Co., 136 Mont. 241, 347 P.2d 475, 480; Loncar v. National Union Fire Ins. Co., 84 Mont. 141, 157, 274 P. 844.

As to the third alleged error appellant contends that respondent's attorney was guilty of misconduct in asking an improper question and after objection withdrawing the question. Nothing further was asked of the district court. The record does not contain any answer to the question made by the witness though counsel made a motion to strike the answer

which was granted by the court. The same situation exists in this connection as in the preceding specification of error, and what we have said there has like application here.

As to the fourth alleged error the defendant was asked:

"Q. But you are going to change your testimony now from what was said on direct examination, and you now want to say that $5,000 was not mentioned?"

Objection was made that the question was argumentative and it was overruled by the court. The question to which the objection was made was not answered by the witness and counsel restated the question as follows:

"In your direct examination, Mrs. Free, it is my recollection, and I will challenge the record, that you made statement that James Carpenter did mention the sum of $5,000 to you." To which she answered: "But that was in 1951, when he first talked about the motel.

"Q. But you will concede now that the sum of $5,000 was mentioned during your conversations, is that correct? A. In 1951, yes."

It is the contention of appellant that the defendant became confused and finally acknowledged that the statement of counsel was true, whereas she had never made the statement attributed to her by counsel in the question. The only argument presented by appellant is that the jury became confused because this question was permitted to be answered. Had counsel for appellant requested that the record be challenged he could have tested the recollection of counsel for respondent in this particular and ascertained the exact statement made by the witness on direct examination, but he did not do so. Further, if in counsel's mind the jury became confused he could have corrected it on redirect examination, but no redirect examination was had of the appellant by her counsel.

Again, as before stated in connection with the second contended erroneous ruling, the sole objection before the court was that the question was argumentative; nothing said by

counsel or request made of the court, and the contention is made here for the first time, and is therefore not properly before us.

We have fully examined appellant's remaining specifications of error but as there is no merit in them, we shall not discuss them.

For the foregoing reasons the judgment of the district court is affirmed.

MR. JUSTICES ANGSTMAN and CASTLES concur.

MR. JUSTICE BOTTOMLY not participating.

MR. JUSTICE ADAIR dissenting.

I dissent.

In this action the plaintiff Carpenter sought a declaratory judgment based entirely upon an *oral* contract for supplying the furnishings for Carpenter's motel. In his complaint Carpenter states he "desires a declaration of the rights and duties of the respective parties under said contract."

The controlling statute, section 93-8902, R.C.M. 1947, provides:

"Any person interested under a deed, will, *written contract or other writings* constituting a contract * * * may have determined any question of construction * * * arising under the instrument * * * and obtain a declaration of rights * * * thereunder." Emphasis supplied.

In my opinion this governing statute only authorizes suits to obtain declaratory judgments upon *written or printed* instruments and documents. Such writings can be read by counsel, court and jury alike.

The *oral* contract, on the contrary, depends upon uncertainties such as the veracity of the witness and the accuracy of his memory. It is because of such uncertainties that the statute, R.C.M. 1947, § 93-8902, limits declaratory judgment suits to

those involving *written instruments*. It does not authorize the rendering of declaratory judgments based upon *oral* contracts and agreements. Because of this it follows that it was prejudicial error for the trial court to overrule defendant's demurrer to plaintiff's complaint herein.

The record shows further prejudicial error in admitting, over defendant's objections, testimony given in answer to leading questions put to plaintiff's witnesses on their direct examination, and in admitting testimony calling for and giving the conclusions of the plaintiff when on the stand testifying in his own behalf.

The judgment should be reversed.