Argued May 6, affirmed May 31, 1974

SMALL ET UX, *Appellants, v.* CAREY ET AL,
*Respondents.*

522 P2d 1202

*Stephen Bruce Main,* Pendleton, argued the cause
and filed the brief for appellants.

*Robert T. Mautz,* Pendleton, argued the cause and filed the brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is a suit for declaratory judgment to have a warranty deed, absolute in form, declared to be a mortgage and to declare that plaintiffs are the owners of certain real property in Umatilla County. The trial court entered a decree in favor of defendants based upon defendants' motion for judgment on the pleadings. Plaintiffs appeal. We affirm.

The facts are not in dispute. In 1969 plaintiffs entered into a transaction with L. R. Bailey and his wife, who were residents of Washington and are now both deceased. As a part of that transaction, and in consideration of $21,000, plaintiffs delivered to the Baileys a warranty deed to their land in Oregon. At the same time, the Baileys gave plaintiffs a one-year option to repurchase the land for $26,000. Plaintiffs did not exercise the option and a dispute arose between the parties.

Plaintiffs then filed a suit in equity against the Baileys in the Superior Court of Benton County, Washington, alleging that the transaction was intended to be a loan at an usurious rate of interest, with the deed as security, and praying for a decree canceling and declaring void the deed and option, enjoining the Baileys from "alienating title" in the land, and providing that "should Defendants refuse to reconvey said real estate unto Plaintiffs" a commissioner would be

appointed to execute and deliver to plaintiffs the "necessary instruments" to restore title to them.

A written settlement agreement was then reached by the parties under which plaintiffs were given another year to exercise their option. On the basis of that agreement, and by stipulation and motion of both parties, the suit in Washington was then dismissed with prejudice.

Plaintiffs were again unable to exercise their option and commenced this suit to have themselves declared to be the owners of the property in fee simple and to have the deed and option declared to be a mortgage.

Defendants filed an answer alleging the filing and termination of the Washington proceedings as an affirmative defense and as *res judicata* of the issues in this suit.

In appealing from the "decree on the pleadings" plaintiffs contend that the decree of the Washington court was not *res judicata* because it did "not have jurisdiction to rule on questions of title concerning real property situated in another state," citing *Williams v. Williams*, 83 Or 59, 62, 162 P 834 (1917), among other authorities. Plaintiffs also contend that "jurisdiction cannot be waived by the parties by consent or stipulation, nor can want of jurisdiction be remedied by waiver or estoppel," citing *Wink v. Marshall*, 237 Or 589, 392 P2d 768 (1964), among other authorities.

In response, defendants contend that the Washington courts recognize a distinction between the jurisdiction of its courts to pass judgment on the title to

land in another state and jurisdiction over a transitory action or suit in personam "aimed at personal relations of parties in connection with the property beyond the jurisdiction," citing *Silver Surprize, Inc. v. Sunshine Mining Company,* 74 Wash 2d 519, 445 P2d 334, 338 (1968). To the same effect, see *Oestreich et al v. Ocean Shores Estates, Inc., et al,* 83 Wash 2d 143, 516 P2d 507 (1973), and *Smith v. Fletcher,* 102 Wash 218, 173 P 19, 20 (1918).

The assumption underlying this contention by defendants is that this is a question to be determined by the law of Washington, rather than by the law of Oregon. Plaintiffs make no contention to the contrary. We need not decide in this case, however, whether the question is to be determined by the law of Washington or by the law of Oregon, because it appears that the law of Oregon, as established by the decisions of this court, is substantially the same as the law of Washington on this question. Thus, *Blue River Sawmills et al v. Gates et al,* 225 Or 439, 358 P2d 239 (1961), was also a suit in equity in which the plaintiffs sought to have a deed, absolute on its face as a conveyance of real property in Canada, declared to be a mortgage, just as these plaintiffs sought by their previous suit in Washington to have a warranty deed to land in Oregon declared to have been given as security for a loan.

In rejecting the contention that the Oregon court had no jurisdiction this court held (at 476) that:

> "A court of equity having jurisdiction over the parties, as here, may administer full relief without regard to the nature or situation of the property involved, and may compel action with respect to land which lies beyond its jurisdiction, as by conveyance thereof, provided it can enforce its decree

by the exercise of the powers over the person before it. * * *

"The principle upon which this jurisdiction rests is that chancery, acting *in personam* and not in rem, holds the conscience of the parties bound without regard to the situs of the property. * * *"

and (at 477-478):

"Equity's embracement of a suit to have a deed absolute declared to be a mortgage, notwithstanding the property involved is land in a foreign jurisdiction, is not a novel one. *Reed v. Reed,* 75 Me 264, 269 (where the land was situate in Wisconsin); *Clark v. Seagraves,* 186 Mass 430, 71 NE 813, 816 (where the land was situate in Ohio)."

To the same effect, although under somewhat different facts, see *Macomber v. Waxbom,* 213 Or 412, 415, 325 P2d 253 (1958); *Claude v. Claude,* 191 Or 308, 335, 228 P2d 776, 230 P2d 211 (1951); *Berger v. Loomis,* 169 Or 575, 586, 131 P2d 211, 144 ALR 636 (1942); and *Crocker v. Howland,* 144 Or 223, 225, 24 P2d 327 (1933). This same rule is recognized in *Williams v. Williams, supra* at 63, cited by plaintiffs. Cf. *In re Estate of Ida Dahl,* 196 Or 249, 254-255, 248 P2d 700 (1952).

In this case the plaintiffs had previously filed in Washington a suit in equity to cancel the same deed to land in Oregon which they now seek to have declared to be a mortgage, and for substantially the same reasons. The defendants in that case were Washington residents.

It follows for all of these reasons that the Washington court had jurisdiction over both the parties and the subject matter; that its order was *res adjudicata* of the issues which plaintiffs would now

relitigate in this suit; and that the trial court did not err in granting defendants' motion for judgment on the pleadings.[1]

Affirmed.

---

[1] Because we hold that the Washington court did in fact have jurisdiction, it is not necessary to consider defendants' alternative contention that the decree of the Washington court was also *res judicata* because "the issue of subject matter jurisdiction * * * *could* have been litigated in the earlier suit," citing Restatement 2d, Conflict of Laws (1971) § 97, and Comments *b* and *c*; Kantola v. Kantola, 13 Or App 187, 509 P2d 39 (1973); and Meder v. CCME Corporation, 7 Wash App 801, 502 P2d 1252 (1972).